# United States Court of Appeals

## For the Eighth Circuit

_____

No. 23-2648

_____

Wilbur-Ellis Company, LLC

*Plaintiff - Appellant*

v.

Tait Lacey; J.R. Simplot Company

*Defendants - Appellees*

_____

No. 23-2718

_____

Wilbur-Ellis Company, LLC

*Plaintiff - Appellee*

v.

Tait Lacey; J.R. Simplot Company

*Defendants - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota

_____

Submitted: October 23, 2024
Filed: February 3, 2025
[Unpublished]
_____

Before LOKEN, SMITH, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Tait Lacey's employment at Wilbur-Ellis Company, LLC ended in January 2023. He soon began working for J.R. Simplot Company, one of Wilbur-Ellis's competitors. Wilbur-Ellis sued Lacey and Simplot and sought a preliminary injunction to enforce restrictive covenants in Lacey's employment agreement with Wilbur-Ellis. The district court[1] denied Wilbur-Ellis's motion for a preliminary injunction and Wilbur-Ellis appeals. We affirm.

**I.**

In 2015, Wilbur-Ellis purchased a South Dakota company, Lacey's Farmacy, Inc., of which Lacey was a part-owner and employee. As part of the acquisition, Lacey signed an employment agreement (Employment Agreement) to work for Wilbur-Ellis. The parties agreed South Dakota law governed the Employment Agreement. The Employment Agreement set a five-year term that expired at the "close of business on March 31, 2020." After that date, the Employment Agreement specified Lacey would revert to an at-will employee.

The Employment Agreement also contained a non-competition and non-solicitation provision (Restrictive Covenants), as well as a confidentiality and nondisclosure provision. The Restrictive Covenants prevented Lacey from taking employment with any of Wilbur-Ellis's competitors within a 100-mile radius of

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

McCook County, South Dakota, or soliciting any of Wilbur-Ellis's customers or employees for a period of two years following the end of Lacey's employment with Wilbur-Ellis.

Obligations and rights could only survive the Employment Agreement's expiration if expressly provided. Section 21 of the Employment Agreement (Survival Clause) stated in relevant part:

> For the avoidance of doubt, the expiration or termination of this Agreement shall not be deemed a release or termination of any obligations of Employee, or rights of Employer, to the extent such obligations or rights, as the case may be, expressly survive the termination of this Agreement.

Lacey continued working for Wilbur-Ellis after the Employment Agreement's five-year term ended. After Lacey's employment ended in January 2023, Wilbur-Ellis and Lacey then executed a Severance Agreement to be governed by Colorado law. The Severance Agreement provided it "shall supersede all prior employment . . . agreements and understandings between the parties and sets forth the entire understanding of the parties with respect to the subject matter hereof."

In March 2023, Lacey began working for Simplot and doing business within the restricted territory designated in the Restrictive Covenants, leading to this lawsuit by Wilbur-Ellis. The parties stipulated that Lacey has and/or intends to solicit Wilbur-Ellis customers and employees located in the restricted territory. Wilbur-Ellis alleged Lacey breached the Employment Agreement and both Lacey and Simplot tortiously interfered with contracts between Wilbur-Ellis and its employees and customers. Wilbur-Ellis then filed a motion for a preliminary injunction to enforce the Employment Agreement's Restrictive Covenants. Lacey and Simplot argued the Restrictive Covenants were not enforceable because they did not survive termination of the Employment Agreement on March 31, 2020, and, even if they did, the Severance Agreement superseded the Employment Agreement and made them ineffective. The district court denied Wilbur-Ellis's motion, concluding

-3-

Wilbur-Ellis was unlikely to succeed on the merits of its breach claim. The district court reasoned that although the Restrictive Covenants may have survived past March 31, 2020, the Severance Agreement superseded the Employment Agreement and its Restrictive Covenants.

Wilbur-Ellis appeals, arguing the Severance Agreement did not supersede the Employment Agreement, and the Restrictive Covenants survived the Employment Agreement's termination and remain enforceable against Lacey. Lacey and Simplot cross-appeal, arguing the district court's finding that the Restrictive Covenants survived the Employment Agreement's termination was erroneous.

## II.

Since the filing of this appeal, we decided *Wilbur-Ellis Co. v. Erikson*, 103 F.4th 1352 (8th Cir. 2024), a case with nearly identical facts. In *Erikson*, we interpreted the language of a materially similar employment agreement and held under South Dakota law that the restrictive covenants expired on the same day the employment agreement did. 103 F.4th at 1356. As is the case here, the employment agreement in *Erikson* included a survival clause with identical language to the one here, requiring a provision to expressly state it would continue after the agreement terminated. *See id.* at 1355–56. We held that by the employment agreement's plain terms, the restrictive covenants in *Erikson* "did not contain 'express[ ]' language sufficient to extend their application beyond the [a]greement's termination date," and the survival clause therefore did not keep the restrictive covenants in force beyond termination of the Employment Agreement. *Id.* at 1356. The same is true here. Nothing in Lacey's Employment Agreement included express language extending the Restrictive Covenants beyond the expiration of the Employment Agreement itself. Thus, the Restrictive Covenants became inoperative on March 31, 2020, when the Employment Agreement expired.

-4-

We thus agree with the district court's conclusion that Wilbur-Ellis is unlikely to prevail on the merits of its breach of Employment Agreement claim.[2] And because probability of success is the "most significant" of the preliminary injunction factors, we hold the district court did not abuse its discretion by denying Wilbur-Ellis's motion for a preliminary injunction. *See id.* at 1355–56 (quoting *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013)).

## III.

The district court's denial of the preliminary injunction is affirmed.

_____

---

[2]We need not decide whether the district court was correct in holding Wilbur-Ellis was unlikely to prevail on the merits on account of the Restrictive Covenants being inoperative under Colorado law because the Severance Agreement superseded the Employment Agreement.